Filed 11/24/21  P. v. Currie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093500 |
| Plaintiff and Respondent, | (Super. Ct. No. 117993) |
| v. | |
| WALTER CURRIE, JR., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Walter Currie, Jr., was convicted of first degree murder after he, a codefendant, and the victim were involved in an altercation in which the victim was stabbed and killed.  (*People v. Currie* (July 11, 1995, C017668) [nonpub. opn.].)  We affirmed the conviction in an unpublished decision in 1995.  (*Ibid.*)  After the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.), defendant sought resentencing under Penal

1

Code section 1170.95. The trial court appointed counsel and received briefing from the parties, in which the parties agreed defendant was not prosecuted under the felony-murder rule or the natural and probable consequences doctrine. The trial court denied the petition accordingly.

Defendant appealed from the trial court's order denying his petition for resentencing.

Appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*. Defendant was advised by counsel of the right to file a supplemental brief within 30 days. Defendant did not file a supplemental brief.

DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of postconviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) This is so because this is not the defendant's first appeal as of right. (See *In re Sade C.* (1996) 13 Cal.4th 952, 986 [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

We thus have before us a "standard" appeal from an order denying postconviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances, we consider the appeal abandoned and order the appeal dismissed.

The question whether, and to what extent, these "*Wende* procedures" extend to appeals such as this one from orders denying postconviction relief is currently pending before our Supreme Court.  (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)  Until the court has provided an answer, appeals such as the one presently before us must be considered abandoned and ordered dismissed.

DISPOSITION

The appeal is dismissed.

_____
HULL, J.

We concur:

_____
BLEASE, Acting P. J.

_____
RENNER, J.